07/20/2015  09:09    4232241736    CHANCERY COURT



EXHIBIT A

# IN THE CHANCERY COURT FOR SULLIVAN COUNTY
## AT KINGSPORT, TENNESSEE

| | |
|---|---|
| JEANNETTE T. RYANS<br>and<br>SHIRLEY I. CASTLE,<br><br>Plaintiffs;<br><br>v.<br><br>ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 15-CK-39987 (C)<br>) JURY DEMAND<br>)<br>) FILED 7-2, 2015 @ 3:29 a.m./p.m.<br>) Katherine Priester, Clerk & Master<br>) By: _____ |

## COMPLAINT

Come now Plaintiffs, JEANNETTE T. RYANS and SHIRLEY I. CASTLE, by and through counsel, pursuant to Rule 3 of the Tennessee Rules of Civil Procedure, and would show unto this Honorable Court the following:

1. Plaintiff, JEANNETTE T. RYANS ("Mrs. Ryans"), is a citizen and resident of Sullivan County having the primary address of 1645 C Street, Kingsport, Tennessee 37664. Prior to the fire loss described below, Mrs. Ryans' primary address was 1644 C Street, Kingsport, Tennessee 37664

2. Plaintiff, SHIRLEY I. CASTLE ("Mrs. Castle"), is a citizen and resident of Sullivan County having the primary address of 1649 C Street, Kingsport, Tennessee 37664.

3. Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY ("Allstate"), is an insurance company licensed to do business in Tennessee,

having a registered agent in Tennessee, and having corporate headquarters in Northbrook, Illinois.

4. Mrs. Ryans owns a life estate interest in certain real property situated at 1644 C Street, Kingsport, Tennessee 37664 ("the real property"), the deed to which is recorded in the Sullivan County Register of Deeds' office in Blountville, Tennessee at Deed Book 3007, Page 19. Mrs. Castle owns the remainder interest in the real property. The real property, which includes a home, has a Tax Appraisal value of $51,500.00.

5. Allstate entered into an insurance contract with Mrs. Ryans with a policy number of 000955307690 ("the insurance policy"), a copy of which is attached hereto as **Exhibit A**.

6. The insurance policy was to insure the real and personal property located at the real property described in paragraph 4, above.

7. That on or about July 4, 2014, a fire damaged and destroyed the home located on the real property, as well as the personal property located therein. The fire was determined to be an accident by the Kingsport Fire Department.

8. The damages to the home on the real property and personal property caused by the July 4, 2014 fire were covered by the general provisions of the insurance policy between Mrs. Ryans and Allstate.

9. After the July 4, 2014 fire, Plaintiffs promptly initiated a claim under the insurance policy for the losses and damages incurred as a result of the fire.

10. During the course of Allstate's investigation of the claim, Allstate's agent, David Gray, generated a repair estimate which opined that the actual cash value for repairs to the home were an estimated $64,064.54.

11. The City of Kingsport Code of Ordinances, Chapter 22, Article IX, Division 2, Section 22-586 provides that no permit shall be issued to effect repairs on a structure if the repair to the structure would result in an expenditure of more than 50 percent of the value of the structure in order to restore to the structure to a habitable condition. A copy of City of Kingsport Code of Ordinances, Chapter 22, Article IX, Division 2, Section 22-586 is attached hereto as **Exhibit B**.

12. That pursuant to Allstate's own repair estimate and City Ordinance Section 22-586, the damage to the home located on the real property caused by the July 4, 2014 fire resulted in a total loss of the home.

13. That on or about August 4, 2014, there was another fire at the home located on the real property which caused further damage to the home. There was no additional personal property damaged in the August 4, 2014 fire, as all had been destroyed by the July 4, 2014 fire. The Kingsport Fire Department determined that the August 4, 2014 fire was the result of arson.

14. Plaintiffs engaged Attorney William A. "Andy" Law ("Attorney Law") to assist them in the claims process. On October 13, 2014, Attorney Law wrote Sandra Hendrick, Allstate's Senior Claim Service Consultant, to clarify the Plaintiffs' position regarding the losses and damages resulting from the fires, and to request that the

3 of 6

Case 2:15-cv-00206-MCLC Document 1-1 Filed 07/28/15 Page 3 of 6 PageID #: 6

Plaintiffs' claims be processed and paid in accordance therewith. A copy of the October 13, 2014 correspondence is attached hereto as **Exhibit C**.

15. From July 4, 2014 until their claim was ultimately denied on April 27, 2015, Plaintiffs and Attorney Law cooperated and participated with Allstate's claims process.

16. On April 27, 2015, Sandra Hendrick wrote the Plaintiffs to explain that Allstate was denying Plaintiffs claim on the basis that the insured or someone acting on the insured's behalf made material misrepresentations during the claims process, or that the insured or someone on the insured's behalf acted intentionally to cause the losses. A copy of the April 27, 2015 correspondence is attached hereto as **Exhibit D**.

17. That Allstate's denial of Plaintiff's claim under the insurance policy was without factual or legal justification and was made in bad faith.

18. That Allstate's denial of Plaintiff's claim and refusal to pay same in accordance with the insurance policy constitutes a breach of contract on behalf of Allstate.

19. That because Allstate's denial of Plaintiff's claim was made without factual or legal justification, Allstate's denial of and failure to pay Plaintiff's claim was an exercise of bad faith under the provisions of T.C.A. § 56-7-105(a).

4 of 6

Case 2:15-cv-00206-MCLC Document 1-1 Filed 07/28/15 Page 4 of 6 PageID #: 7

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray:

1. That Plaintiffs be granted judgment against the Defendant in an amount less than Two Hundred and Fifty Thousand Dollars ($250,000.00);

2. That such damages be increased by 25% pursuant to T.C.A. § 56-7-105(a) for Defendant's bad faith to an amount less than Three Hundred and Twelve Thousand, Five Hundred Dollars ($312,500.00);

3. That Plaintiffs be compensated for attorney's fees;

4. That a jury be empanelled to try this cause; and,

5. That Plaintiffs be granted any other relief to which they may be entitled.

Respectfully submitted this 2 day of July, 2015.

_____
JEANNETTE T. RYANS, Plaintiff

_____
SHIRLEY I. CASTLE, Plaintiff

BY:

_____
JACK M. VAUGHN          BPR # 004248
CALEB C. MCDANIEL BPR # 033429
Attorneys for Plaintiff

OF COUNSEL:
FULLER AND VAUGHN
215 East Sullivan Street
Kingsport, TN 37660
(423) 246-8158

## COST BOND

We, JEANNETTE T. RYANS and SHIRLEY I. CASTLE, Principals, and FULLER AND VAUGHN, Surety, do hereby acknowledge ourselves as sureties in this cause in an amount not to exceed Five Hundred Dollars ($500.00).

_____
JEANNETTE T. RYANS, Principal

_____
SHIRLEY I. CASTLE, Principal

_____
FULLER AND VAUGHN, Surety

I, Katherine Priester, Clerk & Master of the Chancery Court of Sullivan County at Kingsport, Tennessee do hereby certify this to be a true and perfect copy of Complaint
Filed July 2nd, 20 15
Katherine Priester, Clerk & Master